Price, C. J.
The judgment of the court of common pleas was rendered on a note executed and delivered by Lewis Powell to his father, Benjamin Powell, on the 23d day of June, 1894, payable two years after date without interest. The judgment was rendered on the 29th day of December, 1905.
The circuit court found error in this judgment and reversed it on the sole ground as stated in the record “that the witnesses for the plaintiff, Amanda Fox, Silas Powell and Sarah Ellen Crossley, were not competent to testify in the case for the reason that they are heirs and devisees of Benjamin Powell, deceased, and for that reason interested in the result of the law suit.”
Neither of these persons was a party to the action tried, and in which their testimony was taken, and the circuit court would disqualify them because they are heirs and devisees of the payee of the note, which rule, if sound, has been heretofore overlooked or grossly neglected in our practice. If we search the common law we may find some support for the view taken, but to enforce its rule as to the competency of witnesses in civil actions would institute a preliminary inquiry as to whether the witness in fact is interested in the outcome of the litigation — an inquiry which, when required, was not only annoying and vexatious, but often barren of beneficial results. Financial in *335 terest in the controversy at common law was made a ground of incapacity to testify, because of the supposed inclination to falsify which arose from the prospect of gaining or losing by the issue of the proceedings. This supposed interest created the incapacity. Hence, the always .present side issue at times was to determine whether the offered witness was in fact interested in the subject-matter of the action or in its results. The rule of exclusion proved not only inconvenient but subject to such evasions and exceptions that it was finally so discredited that legislation supplanted it in nearly every jurisdiction by establishing new and more practical limitations on the competency of witnesses.
The scales formerly used to weigh the real or contingent interest of a proposed witness have been discarded, and a more enlightened and efficient channel for the production of testimony has been provided. Interest in the controversy is of itself no longer regarded as a sure ground of presumption that a party or witness will falsify or give testimony colored or biased in favor of such interest. Under the present system of practice equality of the parties to the suit is the object to be subserved rather than the weighing in delicate scales the degree of interest the witness may have, leaving that to be considered as affecting his credibility.
The witnesses declared incompetent by the circuit court in this case are children of Benjamin Powell, payee of the note., and Lewis Powell, deceased, and maker of the note, was their brother. Their testimony related to statements made by *336 and conversations had with the maker of the note during- his lifetime, tending to show that the amount named in the note was a debt from him to his father, and not a gift or advancement as alleged in the answer. There can be no doubt about the competency of such evidence, for it was intended to meet and rebut the evidence introduced to support the answer.' But it is said that the evidence was not given by competent witnesses.
To settle many disputes which naturally arose during the reign of the common law practice our general assembly enacted that “all persons are competent witnesses except those of unsound mind and children under ten years of age who appear incapable of receiving- just impressions of the facts and transactions respecting which they are examined or of relating them truly.” See Section 5240, Revised Statutes. The older provision on the subject was Section 310 of the code of civil procedure, “no person shall be disqualified as a witness in any civil action or proceeding- by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of a crime; but such interest or conviction may be shown for the purpose of affecting- his credibility.” See S. & C., 1035. "After the broad declaration of Section 5240, supra, the statute in the next section provides that certain persons shall not be heard to testify ^concerning certain things, communications, confessions, etc. There is nothing in the section for application here.
But the next, or Section 5242, governs us in the determination of the point at issue. Having *337 declared in Section 5240 that all persons are competent witnesses except two classes, the former places certain restrictions on the “right of a party to testify, and provides that “a party shall not testify where the adverse party is the guardian or trustee of either a deaf and dumb, or an insane person, or of a child of a deceased person, or is an executor or administrator, or claims or defends as heir, grantee, assignee, devisee, or legatee of a deceased person, except,” et cetera. There are eight exceptions to the above restriction, no one of which is claimed to be of importance here, except the eighth, which will be noticed more fully hereafter.
Who is the party mentioned in Section 5242? It is not a generic term to cover the litigants and also their witnesses, for the section and its immediate companions speak of witnesses and parties in a different sense. A party may also be a' witness, within the restraints of the statute, but a witness is not a party to the action. The party referred to is a party to the action, and not one who may be interested in the results of the litigation; a party to the suit and so known on the record. He it is who “shall not testify where the adverse party is the guardian or trustee of either a deaf and dumb or an insane person * * * or is an executor or administrator * *
Had the payee of the note in suit, Benjamin Powell, been offered as a witness against the administratrix of the estate of the maker of the note he would not have been heard, the other party to the obligation being dead. But during the pendency of the suit the payee died, and his wife, *338 plaintiff in error, became executrix of his will, or administratrix of his estate. It is shown by the record that she “was offered as a witness against the defending administratrix, and the trial court excluded her evidence, holding she was not competent under Section 5242, supra. The witnesses, Amanda Fox, Silas Powell and Sarah Ellen Crossley, were in no legal sense parties to the suit, and neither of them can be properly regarded as a party adverse to the defendant. While they are heirs and devisees of Benjamin Powell, payee of the note, they could be neither proper nor necessary parties to the action. See Keyes v. Gore, 42 Ohio St., 211. Furthermore, they did not testify to. anything connected with the giving of the note, but touching conversations had with the maker and also concerning advancements to other members of the family of Benjamin Powell.
We have said these three witnesses could not have been made parties to the action on the issues joined in the pleadings. They could not have maintained a suit on this note had it been bequeathed to them by the payee, where there is an executor or adminstrator in charge of the estate. We held in McBride, Admr., v. Vance, 73 Ohio St., 258, that “as a general rule administration is a prerequisite to the devolution of the personal estate of a decedent,” and in so holding we followed former decisions of this court to the same effect. The heirs or legatees of personal estate acquire their interest on distribution and such interest may eventually be small or nothing. They were not disqualified because they might ultimately receive a part of the estate.
*339 Some reliance is manifested on the last clause of subdivision 8 of Section 5242, which is, “and when a case is plainly within the reason and spirit of the last three sections,’ though not within the strict letter, their principles shall be applied.” We have found it difficult sometimes to enforce this clause, because of its very indefinite character. We can not give it operation in this case, because to do so would contravene the clear provisions of the sections quoted as to who are competent witnesses and as to restrictions placed on their testimony. All persons are competent except the two classes mentioned in Section 5240, and those persons not within one or other of these classes may testify subject to the restrictions of Sections 5241 and 5242, supra. There is nothing obscure or doubtful in their provisions, and it will not do to have the “reason and spirit” clause override other unequivocal rules. This view of the law was taken in Cochran v. Almack, 39 Ohio St., 314, where the court say on page 316: • “What is the scope of the clause under consideration it would be difficult to say in advance of cases as they may arise. It calls for the application of the principles of the three preceding sections, only when the case is not provided for by either of these sections. If the case is not within the letter, but is plainly within the reason and spirit of these sections their principles shall be applied. It follows, that if a case is provided for by the terms of either of the sections, no occasion can arise for invoking the spirit and reason of the statute to supply the omission of its letter or terms.”
While the admission of the testimony of the *340 three witnesses named is the only error found by the circuit court, it is now urged that there was other incompetent testimony admitted. None of material importance has been pointed out to us. In this, as in other cases where family differences arise and grow warm, some irrelevant matter can be found in a record of the trial. But in this case the errors, if any, were trivial and were not all on one side of the controversy.
Complaint is also made of the charge of the coürt. Taken as a whole, we think it fairly submitted the case to the jury’and it contains no fault of sufficient gravity to justify a reversal of the judgment of the trial court.
The judgment of the circuit court is reversed and that of the common pleas affirmed.

Judgment reversed.

Si-iauck, Crew, Summers and Spear, JJ., concur.